IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EDWARD LYNN RUSSELL,                §
                                    §
            Petitioner,             §
                                    §
V.                                  §
                                    §          No. 3:14-cv-2914-P-BN
WILLIAM STEPHENS, Director          §
Texas Department of Criminal Justice, §
Correctional Institutions Division,  §
                                    §
            Respondent.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Edward Lynn Russell, a Texas prisoner, has filed an application for writ of habeas corpus challenging his 2011 conviction. "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See United States v. Mares,* 868 F.2d 151, 152 (5th Cir. 1989). The district court wherein such an application is filed may, in the exercise of its discretion and in furtherance of justice, transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d).

Petitioner reports that he was convicted in the 396th Criminal District Court of Tarrant County, Texas, which lies within the Fort Worth Division of the Northern District of Texas. *See id.* § 124(a)(2). He is currently incarcerated in the Clements of the TDCJ-CID, which lies within the Amarillo Division of the Northern District of Texas. *See id.* § 124(a)(5).

The undersigned therefore concludes that this case should be transferred to the Fort Worth Division of the Northern District of Texas, the district and division where the state court that convicted and sentenced petitioner is located. *See Itson v. Johnson,* No. 3:01-cv-143-L, 2001 WL 210451, at *2 (N.D. Tex. Feb. 28, 2001).

## Recommendation

Petitioner's application for habeas corpus relief should be transferred to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE